JOSEPH F. WALSH
California Bar No.  067930
316 West Second Street, Suite 1200
Los Angeles, California  90012
Tel: (213)627-1793
Fax: (213)489-4700
Email: attyjoewalsh@aol.com

Attorney for Defendant
ROBERT ROZELLE

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-92-336-CBM |
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO** |
| v. | **REPORT AND RECOMMENDATION** |
| ROBERT ROZELLE | DATE:   July 21, 2008 |
| Defendant. | TIME:   1:30 p.m. |

**I.**

**THE COURT SHOULD TERMINATE SUPERVISED
RELEASE BECAUSE THE DEFENDANT SERVED
AN EXTRA 30 MONTHS IN PRISON
UNDER THE OLD CRACK COCAINE GUIDELINES**

The probation department has filed a request for revocation of supervised release against defendant, Robert Rozelle, for three reasons.  He was convicted of driving under the influence on February 5, 2008.  He failed to notify the probation officer within 72 hours for his being arrested for driving under the influence.  On January 28 and February 18, 2008, he supplied urine samples which were found to contain alcohol.  The probation officer is recommending that Mr. Rozelle be placed on six months

home detention with alcohol monitoring.  Mr. Rozelle is asking that the Court terminate supervised release.

Mr. Rozelle served an extra 30 months in prison under the old Crack Cocaine Guidelines.  He was already released when in November of 2007, the United States Sentencing Commission amended the guidelines in response to severe criticism about the unfairness of the 100 to 1 crack/powder ratio incorporated into the Sentencing Guidelines.  See, United States Sentencing Commission Report To Congress: Cocaine and Sentencing Policies (May 2007).  See also, Kimbrough v. United States, 128 S.Ct. 558, 568-569 (2007) (Discussing History of Crack Cocaine Guidelines in Various Sentencing Commission Reports).

On March 16, 1998, the defendant was sentenced to 156 months.  The base offense level was calculated in his case based upon 133 grams of crack cocaine which called for an offense level of 32.  In November of 2007, the Guidelines were amended so that now the offense level for 133 grams of crack cocaine is level 30. After adjustments for possessing a firearm and acceptance of responsibility the final offense level in 1995 was offense **level 31** which called for a sentence in Criminal History Category IV of **151 to 188 months.**  Under the new reduced Guidelines for crack cocaine, Mr. Rozelle's final offense level would be **level 29,** which in Criminal History Category IV calls for a sentence between **121 and 151 months.**

In 1995, the Court imposed a sentence of 156 months, which was 5 months above the low-end.  A sentence of 5 months above the low-end of level 29 would be a sentence of 126 months. This is a 30 months difference.  Since Mr. Rozelle has already

2

served the sentence, this means that Mr. Rozelle received no benefit from the recent reforms and has served 30 months more under the old crack Guidelines that he would not have served under the amended Guidelines.

Obviously the Court cannot reduce a prison term that has already been served. However, the Court can give Mr. Rozelle some benefit of the reforms in the Crack Sentencing Guidelines by reducing the term of supervised release from 10 years to time served. Mr. Rozelle has served approximately 4 years and 6 months on supervised release.

His only criminal offense during that time is the commission of a misdemeanor driving under the influence. He has already pleaded guilty and has been sentenced to probation in State Court for that offense. As a condition of probation, he is required to attend alcohol education classes. He has therefore already been punished for this offense.

Mr. Rozelle has reformed himself since being released from federal prison. He now has a job as a surgery technician. He is employed in Marina Del Rey Hospital. He is a spinal surgery specialist, assisting the physicians during surgery. He attended a special school in order to be trained for this type of job. He applied himself in school and received A's in his classes. He currently has a stable residence, residing with his family. He is taking care of his father, grandfather, and grandmother, who are all ill and in need of various types of therapy.

The purpose of supervised release is to ensure that Mr. Rozelle does not revert back to drug trafficking. That has not occurred. He is hard-working and a contributing member of the

community.  He asks not to be placed on house arrest and that the Court order his supervised release to be terminated.


                              Respectfully Submitted,


                              /s/ Joseph F. Walsh
                              JOSEPH F. WALSH
                              Attorney for Defendant
                              ROBERT ROZELLE

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

       I am employed in the County of Los Angeles, State of California.

       I am over the age of 18 and not a party to the within action; my business address is 316 West Second Street, Suite 1200, Los Angeles, California 90012.

       On June 19, 2008, I served the foregoing document described as **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**DAVID HERZOG
U.S. Attorney
312 North Spring Street
Los Angeles, California  90012**

       I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on June 19, 2008, at Los Angeles, California.


                       /s/ Ana Kim
                       ANA KIM