THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID M. HERZOG (Cal. Bar No. 224594)
Assistant United States Attorney
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-0600
        Facsimile:  (213) 894-0142
        Email:      david.herzog@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          NO. CR 92-00336-CBM

          Plaintiff,               GOVERNMENT'S REPLY TO DEFENDANT'S
                                   OBJECTIONS TO REPORT AND
          v.                       RECOMMENDATION

ROBERT VERNON ROZELLE,             DATE: JULY 21, 2008
                                   TIME: 1:30 P.M.
          Defendant.

---

I.   INTRODUCTION AND FACTUAL BACKGROUND

     During his period of supervised release, Defendant has tested
positive for marijuana eight times, been incarcerated for nine
days, sustained a conviction for committing a hit-and-run while
driving under the influence of alcohol, failed to report the DUI
hit-and-run to his Probation Officer, and, following his DUI hit-
and-run, tested positive for alcohol on two occasions.  Despite all
this evidence of Defendant's serious substance abuse issues and
need for supervision, he seeks termination of his supervised

release on grounds that are neither recognized under the law nor relevant to his conduct while on supervised release.  Because of his repeated refusal to comply with the terms of his supervised release, his ongoing substance abuse problem, and the fact that he not only drinks but drives while drunk, the United States seeks an order consistent with the Probation Officer's recommendation: revocation of Defendant's supervised release and reinstatement with the terms and conditions previously imposed, plus the additional condition of six months of home detention with alcohol monitoring.

**II.  EARLY TERMINATION OF SUPERVISED RELEASE IS PROHIBITED "WITHOUT MORE" THAN A MERE GUIDELINES RANGE AMENDMENT**

In 1997, the Court sentenced Defendant to 156 months in prison and ten years of supervised release for Conspiracy, Possession With Intent to Distribute Cocaine Base, and Distribution of Cocaine Base.  Defendant was released from incarceration in December 2003. Four years later, the United States Sentencing Commission amended the United States Sentencing Guidelines Manual ("Guidelines") with respect to the ranges applicable to cocaine base offenses. Despite acknowledging that he "was already released . . . in November of 1997 when the United States Sentencing Commission amended the guidelines," and that "the Court cannot reduce a prison term that has already been served," Obj. to R&R at 2, 3, Defendant is now before the Court requesting that his supervised release be terminated early so that he can receive "some benefit of the reforms in the Crack Sentencing Guidelines." Id. at 3.

2

The Guidelines are clear, however, that it is Defendant's term of imprisonment, and <u>not</u> termination of his supervised release, that is affected by the amendment to the Guidelines range:

> In a case in which a defendant is serving <u>a term of imprisonment</u>, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's <u>term of imprisonment</u> as provided by 18 U.S.C. § 3582(c)(2).

<u>U.S. Sentencing Guidelines Manual</u> § 1B1.10(a)(1) (2007 & Supp.) (Policy Statement) (emphasis added). There is no language in the relevant section of the Guidelines authorizing termination of supervised release in this situation. In fact, the Guidelines specifically <u>reject</u> Defendant's proposal that the Court terminate his supervised release early solely because he may have served a shorter term of imprisonment had he been sentenced under the amended Guidelines range:

> [T]he fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, <u>without more</u>, provide a basis for early termination of supervised release.

<u>U.S. Sentencing Guidelines Manual</u> § 1B1.10 cmt. n.4(b)(2007 & Supp.) (emphasis added); § 1B1.10 cmt. background (2007 & Supp.) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence,

3

does not authorize a reduction in any other component of the
sentence, and does not entitle a defendant to a reduced term of
imprisonment as a matter of right.").

In support of his argument for early termination, Defendant has
offered no evidence of anything beyond the mere amendment to the
Guidelines range.  This is plainly insufficient.  U.S. Sentencing
Guidelines Manual § 1B1.10 cmt. n.4(b)(2007 & Supp.) (noting an
amended Guidelines range "shall not, without more, provide a basis
for early termination of supervised release").

## III. THE TOTALITY OF CIRCUMSTANCES MAKES IT CLEAR THAT DEFENDANT SHOULD BE SUBJECT TO ADDITIONAL CONDITIONS

Rather than rely on an amended guideline range "without more," the
Court "should take into account the totality of circumstances
relevant to a decision to terminate supervised release . . . ."
U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.4(b)(2007 &
Supp.); § 1B1.10 cmt. background (2007 & Supp.).

The totality of circumstances makes it clear not only that
Defendant's supervised release should continue, but also that he
should be subject to supplementary conditions.  In addition to his
multiple positive tests for marijuana, the Defendant committed a
hit-and-run offense that caused property damage, while driving with
a blood alcohol content subsequently measured at .12.  Violation
Report at 3.  This measurement was taken after he was transported
to the booking area, id., which suggests that his actual blood
alcohol content when he was driving was even higher.  Driving while
so drunk that he "staggered with every step" when he got out of the
vehicle, id., Defendant put himself and others in severe danger.

4

His two positive tests for alcohol <u>after</u> his DUI hit-and-run indicates a defendant who has a severe substance abuse problem and is unwilling to learn from his mistakes.

**IV.  HOME DETENTION WITH ALCOHOL MONITORING IS APPROPRIATE IN LIGHT OF DEFENDANT'S ONGOING SUBSTANCE ABUSE ISSUES**

The Probation Office recommends that Defendant's period of Supervised Release be revoked and reinstated with the same terms and conditions previously imposed, with the additional special condition of six months of home detention with alcohol monitoring. The government joins the Probation Office in this recommendation, in light of Defendant's obvious substance abuse problem and its ongoing escalation.  It is clear that this Defendant requires the kind of structure, supervision, and monitoring that the Probation Office provides.

///
///
///
///
///
///
///
///
///
///
///
///
///

5

**V.    CONCLUSION**

    For the foregoing reasons, the Court should reject Defendant's request for early termination of supervised release and impose the additional condition recommended by the Probation Office, which is six months of home detention with alcohol monitoring.

Dated: July 10, 2008          Respectfully submitted,
                              THOMAS P. O'BRIEN
                              United States Attorney

                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division


                              _____/s/_____
                              DAVID M. HERZOG
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA